UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDRE WILLIAMS,

      Plaintiff,

v.                                CASE NO.:

LARRY CAMPBELL, in his official
capacity as SHERIFF of LEON COUNTY,
FLORIDA, CORIZON HEALTH, INC.,
JAMES MORGAN, in his individual and
supervisory capcity, A. [fnu] STEPHEN, in
his or her individual capacity, and JOHN
DOE, in his or her individual capacity,

      Defendants.
_____/

## STATE COURT FILINGS FROM WILLIAMS V. CAMPBELL, ET. AL., CASE NO. 2014CA002932, CIRCUIT COURT, SECOND JUDICIAL CIRCUIT, LEON COUNTY, FLORIDA

      Defendants, LARRY CAMPBELL, JAMES MORGAN, CORIZON HEALTH, INC. and

A. STEPHEN, by and through undersigned counsel, and pursuant to the provisions of Northern

District of Florida Rule 7.2 (A), submit true and legible copies of all pleadings, etc. on file in the

state court at the time of removal:

      1.      Court Docket Sheet;

      2.      Civil Cover Sheet;

      3.      Complaint;

      4.      Amended Complaint;

      5.      Summons;

      6.      Notice of Removal,

Respectfully submitted,

*/s/ Keith C. Tischler*
**KEITH C. TISCHLER**
Fla. Bar No. 0334081
*JOLLY & PETERSON, P.A.*
Post Office Box 37400
Tallahassee, Florida 32315
Tel:    (850) 422-0282
Fax:    (850) 422-1913
**Attorney for Defendant Sheriff & Morgan**

*/s/:  Joseph E. Brooks*
**JOSEPH E. BROOKS**
FBN.: 0880752
*BROOKS LAW*
2629 Mitcham Drive
Tallahassee, FL 32308
Telephone:  (850) 201-0942
Facsimile: (850) 201-0909
**Attorney for Defendants Corizon & Stephen**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to by Electronic Mail to Marie Mattox, 310 East Bradford Road, Tallahassee, Florida 32303 this _____ day of December 2014.

*/s/ Keith C. Tischler*

**ITEM 1**

Full Case View ✈

Previous Page

**37 2014 CA 002932 - WILLIAMS, ANDRE vs LARRY CAMPBELL IN HIS OFFICIAL CAPACITY AS SHERIFF**

| Status | Party | Party Code | Attorney |
|---|---|---|---|
| | STEPHENS, ANTHONY | DEFENDANT | |
| | CORIZON HEALTH INC , | DEFENDANT | PRO SE |
| | LARRY CAMPBELL IN HIS OFFICIAL CAPACITY AS SHERIFF , | DEFENDANT | PRO SE |
| | MORGAN, JAMES | DEFENDANT | PRO SE |
| DISMISSED | STEPHEN, A | DEFENDANT | PRO SE |
| | JOHN DOE , | DEFENDANT | PRO SE |
| | WILLIAMS, ANDRE | PLAINTIFF | MARIE A MATTOX |

Top of Page

| Action Dscr | Status | Status Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER CIRCUIT CIVIL | OPEN | 11/10/2014 | | | REYNOLDS |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|

Top of Page

**Judges Appearing on Case**

| Last Name | First Name | Date Assigned | Source |
|---|---|---|---|
| REYNOLDS | GEORGE | 11/12/2014 9:01:39 AM | BM |

Top of Page

DOCKET TABLE HEADERS ARE SORTABLE. CLICK FOR ASCENDING, AGAIN FOR DESCENDING ORDER
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

| DOCKET DATE | DOCKET CODE | DOCKET TEXT | OR BOOK | OR PAGE | AMOUNT | AMOUNT DUE | SOURCE |
|---|---|---|---|---|---|---|---|
| 11/10/2014 | CCS | CIVIL COVER SHEET | | | $0.00 | $0.00 | BM |
| 11/10/2014 | COMP_CA | COMPLAINT | | | $0.00 | $0.00 | BM |
| 11/12/2014 | RECEIPT | PAYMENT $400.00 RECEIPT #967378 | | | $0.00 | $0.00 | BM |
| 11/12/2014 | AMCO | AMENDED COMPLAINT | | | $0.00 | $0.00 | BM |
| 11/12/2014 | SUIS | SUMMONS ISSUED | | | $0.00 | $0.00 | BM |
| 11/12/2014 | SUIS | SUMMONS ISSUED | | | $0.00 | $0.00 | BM |
| 11/12/2014 | SUIS | SUMMONS ISSUED | | | $0.00 | $0.00 | BM |
| 11/12/2014 | SUIS | SUMMONS ISSUED | | | $0.00 | $0.00 | BM |
| 11/12/2014 | SUIS | SUMMONS ISSUED | | | $0.00 | $0.00 | BM |
| 11/12/2014 | a002 | JUDGE REYNOLDS, GEORGE III: ASSIGNED | | | $0.00 | $0.00 | BM |
| 11/14/2014 | RECEIPT | PAYMENT $50.00 RECEIPT #968421 | | | $0.00 | $0.00 | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

| | | | | |
|---|---|---|---|---|
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

**Ar Plan**

| Ordered Amt | Paid | Dismissed | Balance | Delinquent |
|---|---|---|---|---|

Top of Page

**ITEM 2**

Filing # 20415512 Electronically Filed 11/10/2014 07:07:57 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

I.     **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u> JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u> COUNTY, FLORIDA

Case No.: <u>2014 CA 002932</u>
Judge: _____

<u>Andre Williams</u>
Plaintiff
     vs.
<u>Larry Campbell in his official capacity as Sheriff</u>
Defendant

II.     **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV.   **NUMBER OF CAUSES OF ACTION:** (     )
(Specify)

<u>3</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Marie A Mattox</u>
          Attorney or party

FL Bar No.: <u>739685</u>
(Bar number, if attorney)

<u>Marie A Mattox</u>
     (Type or print name)

<u>11/10/2014</u>
     Date

**ITEM 3**

Filing # 20415512 Electronically Filed 11/10/2014 07:07:57 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

2014 CA 002932
CASE NO. 14-CA
FLA BAR NO. 0739685

**ANDRE WILLIAMS,**

  **Plaintiff,**

v.

**LARRY CAMPBELL, in his official capacity
as SHERIFF of LEON COUNTY, FLORIDA,
CORIZON HEALTH, INC., JAMES MORGAN,
in his individual and supervisory capacity,
A. [fnu] STEPHEN, in his or her individual capacity,
and JOHN DOE, in his or her individual capacity,**

  **Defendants.**

_____/

## COMPLAINT

  Plaintiff, ANDRE WILLIAMS, hereby sues Defendant, LARRY CAMPBELL, in his official capacity as SHERIFF of LEON COUNTY, FLORIDA, CORIZON HEALTH, INC., JAMES MORGAN, in his individual and supervisory capacity, A. [fnu] STEPHEN, in his or her individual capacity, and JOHN DOE, in his or her individual capacity, and alleges:

### JURISDICTION

  1.  This is an action for damages in excess of Fifteen Thousand Dollars ($15,000) brought under the common law of the State of Florida and 42 U.S.C. §§1983 and 1988.

  2.  Written notices of intent to initiate litigation on Plaintiff's state law claims asserted herein were submitted to Defendant SHERIFF and to the Florida Department of Financial Services, Division of Risk Management.

**PARTIES**

3.    At all times pertinent hereto, Plaintiff, ANDRE WILLIAMS, has been a resident of Leon County, Florida. The incidents alleged herein occurred in Leon County, and Plaintiff is *sui juris*.

4.    At all times pertinent hereto, Defendant, LARRY CAMPBELL, in his official capacity as SHERIFF of LEON COUNTY, FLORIDA, (hereinafter "SHERIFF") was the top law enforcement officer of Leon County, Florida, and has committed tortious acts within Florida and within the jurisdiction of this court.  This Defendant is located in Tallahassee, Leon County, Florida.

5.    At all times pertinent hereto, Defendant, CORIZON HEALTH, INC. (hereinafter "CORIZON"), has been conducting business in the State of Florida and has committed tortious acts within Florida and within the jurisdiction of this court. This Defendant is under contract with Defendant Sheriff to provide medical services in Defendant Sheriff's jail and at all times pertinent hereto, was responsible, together with Defendant Sheriff, for the evaluation, care and treatment of inmates in the Leon County Jail. Plaintiff was one such inmate. Defendant was formerly known as PRISON HEALTH SERVICES, INC.

6.    At all times pertinent hereto, Defendant, JAMES MORGAN, in his individual and supervisory capacity, was a resident of the State of Florida and was employed by Defendant SHERIFF in Leon County, Florida.  He is thus *sui juris*.

7.    At all times pertinent hereto, A. [fnu] STEPHEN, in his or her individual capacity, was a resident of the State of Florida and was employed by Defendant SHERIFF and/or Defendant CORIZON in Leon County, Florida.  He/she is thus *sui juris*.

2

8.     At all times pertinent hereto, JOHN DOE, in his or her individual capacity, was a resident of the State of Florida and was employed by Defendant SHERIFF and/or Defendant CORIZON in Leon County, Florida. He is thus *sui juris*.

## STATEMENT OF THE ULTIMATE FACTS

9.     The injuries sustained by Plaintiff began on January 11, 2011, and have continued thereafter. On that date, Plaintiff was arrested by a Leon County Sheriff's Office Deputy Michael Feldman at approximately 10:45 PM.

10.     Prior to Plaintiff being taken to the jail, Plaintiff's mother and/or Plaintiff advised Feldman that Mr. Williams had a seizure disorder. At some point in time, Plaintiff and/or Plaintiff's mother told Feldman that Plaintiff should be placed on the bottom bunk, and Feldman was provided with Plaintiff's medication.

11.     On January 12, 2011, at approximately 1:50 AM, Plaintiff was checked in by the Jail's Medical Assistant Stephanie Daniels. Daniels noted Plaintiff's seizure disorder and the seizure medication he was taking, signed a release form stating that Plaintiff should be placed into general population, and issued Plaintiff a Relocation/Med Pass for the bottom bunk.

12.     Nevertheless, on January 12, 2011, at approximately 6:00 AM, Defendants MORGAN, STEPHEN, and DOE all signed off on an order to place Plaintiff in administrative confinement the result of which Plaintiff was placed on the top bunk.

13.     Plaintiff objected to being placed on the top bunk and said that he had a seizure disorder and could fall. Plaintiff's objections were ignored.

14.     On January 13, 2011, at approximately 5:10 am, Plaintiff suffered a seizure and fell from the top bunk, striking his head on the bottom bunk.

3

15.   As a result of the fall, Plaintiff sustained severe injuries, including a brain hemorrhage. Also, since this incident, Plaintiff's mental health has deteriorated in that he has begun experiencing hallucinations. Moreover, because of the fall, Plaintiff also lost several front teeth. Defendant SHERIFF has never arranged to replace Plaintiff's front teeth, and, to date, Plaintiff suffers from the health impairment and social stigma of missing his front teeth.

16.   Plaintiff has retained the undersigned to represent his interests in this matter, and is obligated to pay a fee for such services. Defendants should be made to pay said fee.

### COUNT I – Civil Rights Violations Under 42 U.S.C. §1983
### Deliberate Indifference to Serious
### Medical Needs Claim
### (Against SHERIFF and CORIZON)

17.   Paragraphs 1 through 16 are hereby re-alleged and incorporated herein by reference.

18.   At all times material, Defendants Sheriff and Corizon, jointly and severally, had a duty under the Constitution of the United States of America to provide adequate medical care to those inmates, including Plaintiff, in the custody of Leon County Jail.

19.   At all times material, Defendants, jointly and severally, had a duty under the Fourteenth and Eighth Amendments not to be deliberately indifferent to the known serious medical needs of inmates in the custody of the Leon County Jail.

20.   While incarcerated at Leon County Jail, Plaintiff suffered from a serious medical need to wit, the need to be placed on the top bunk to prevent falling and/or the need for seizure medication as described, in part, more fully above, which, if not properly and timely attended to, would and did leave Plaintiff with serious injuries caused by falling from having a seizure, as described, in part, more fully above.

21.   Defendants were deliberately indifferent to Plaintiff's medical needs. The

4

Defendants were aware of Plaintiff's medical needs, as evidenced by their notations in his jail medical records. Defendants, through their employees, officers, or agents, were aware of Plaintiff's medical needs and that Plaintiff was at a risk of serious harm and continued pain if she did not receive necessary care.

22.     Plaintiff's medical diagnosis and condition or conditions was known or knowable to Defendants at all times material. Despite their knowledge of the serious risk to Plaintiff's health, Defendants, intentionally or through deliberate indifference, failed or refused to provide Plaintiff with access to medical care requested by Plaintiff. Had Defendants ensured that Plaintiff was properly treated in a timely manner, Plaintiff's injuries could have been avoided.

23.     As stated more specifically, in part, above, Defendants acted with deliberate indifference as to Plaintiff's serious medical condition when they placed Plaintiff on the top bunk and/or withheld much needed medical care, as described in part more fully above despite knowing that Plaintiff had a condition requiring such care, and Plaintiff had sustained significant trauma as a result as described in part more fully above.

24.     Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

25.     The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff's rights. The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when they knew of and disregarded severe risks to Plaintiff's health and safety.

26.    Defendants acted with deliberate indifference in the failure to adopt a policy and/or adopting an inadequate policy for incidents like that described herein when it was obvious that the likely consequences of not adopting a policy would result in the deprivation of civil rights. Defendants also deliberately or with reckless disregard for the safety of Plaintiff failed to provide Plaintiff with adequate medical care for his serious medical needs. These policies or lack thereof were the moving force behind the constitutional deprivations to Plaintiff.

27.    As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

### COUNT II – Civil Rights Violations Under 42 U.S.C. §1983
### Individual Capacity Deliberate Indifference to Serious
### Medical Needs Claim
### (Against the Individual Defendants)

28.    Paragraphs 1 through 16 are hereby re-alleged and incorporated herein by reference.

29.    At all times material, Defendants, jointly and severally, had a duty under the Constitution of the United States of America to provide adequate medical care to those inmates, including Plaintiff, in the custody of the Leon County Jail.

30.    At all times material, Defendants had a duty under the Fourteenth and Eighth Amendments to the United States Constitution, not to be deliberately indifferent to the known serious medical needs of inmates in the custody of Leon County Jail.

31.    While incarcerated at Leon County Jail, Plaintiff suffered from a serious medical need to wit, the need to be placed on the bottom bunk to avoid injuries that could be caused by

6

falling and the need for seizure medication, as described, in part, more fully above, which, if not attended to, would and did leave Plaintiff with the injuries that resulted from his fall, as described, in part, more fully above.

32.    The individually named Defendants were deliberately indifferent, jointly and severally, to Plaintiff's medical needs. The Defendants were aware of Plaintiff's medical needs, as evidenced by the notations in the Plaintiff's medical records. Defendants were aware that Plaintiff was at a risk of serious harm and he was placed on the top bunk.

33.    Plaintiff's medical diagnosis and condition or conditions was known or knowable to Defendants all times material. Despite their actual or imputed knowledge of the serious risk to Plaintiff's health, each of the individual defendants intentionally or through deliberate indifference, failed or refused to let Plaintiff sleep on the bottom bunk. Had the individually named Defendants, ensured that Plaintiff was properly allowed to sleep on the bottom bunk, Plaintiff's injury could have been prevented.

34.    As stated more specifically, in part, above, Defendants acted with deliberate indifference as to Plaintiff's serious medical condition when they placed Plaintiff on the top bunk and/or withheld much needed medical care despite knowing that Plaintiff had a condition requiring such care, and Plaintiff had sustained significant trauma as a result.

35.    Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

36.    The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff's rights. The actions or inactions of these Defendants as set forth in part

7

above constituted deliberate indifference or reckless disregard for the safety of Plaintiff when they knew of and disregarded severe risks to Plaintiff's health and safety.

37.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Plaintiff is entitled to punitive damages against the individually named Defendants.

### COUNT III-NEGLIGENCE
### (Against SHERIFF and CORIZON)

38.     Plaintiff re-alleges paragraphs 1 through 16 above and incorporates those allegations in this Count.

39.     This count sets forth a claim against Defendants for common law negligence and is based on claims that arose during Plaintiff's detention and resulting injuries. Defendants knew or should have known that Plaintiff was with a zone of risk related to medical condition and were responsible for the proper treatment of his condition.

40.     Upon Plaintiff's incarceration, legal duties devolved upon Defendants because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof, as well as by their failures to train and supervise employees.

41.     These duties arose from the fact that Plaintiff was detained by Defendant SHERIFF and taken into custody. These duties arose because of the special relationships that arose between Defendants and Plaintiff, and/or because the injuries to Plaintiff were within foreseeable zones of risk created when Plaintiff was detained by employees and/or agents of Defendant. Once Plaintiff was restrained of his liberty, he was in the foreseeable zones of risk,

and such duties of care arose. Alternatively, because of the nature of the restraint and the subsequent custodial relationship between Defendants and Plaintiff there was a special relationship with Plaintiff.

42.    The actions of Defendants and a complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

43.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, all because of the actions of Defendant and is therefore entitled to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

(a)    that process issue and this court take jurisdiction over this case;

(b)    that this court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    that this court enter judgment against Defendants and for Plaintiff awarding compensatory damages from Defendants and punitive damages to Plaintiff as allowed by law;

(d)    that this court enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

9

(e)     that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff costs, attorney's fees, and interest as provided by law; and

(f)     that this court grant such other and further relief as is just and proper under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 10th day of November, 2014.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL  32303
Telephone:    (850) 383-4800
Facsimile:     (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle@mattoxlaw.com
joshua@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

**ITEM 4**

Filing # 20505691 Electronically Filed 11/12/2014 09:34:52 PM

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA**

**ANDRE WILLIAMS,**

   **Plaintiff,**

v.

**LARRY CAMPBELL, in his official capacity
as SHERIFF of LEON COUNTY, FLORIDA,
CORIZON HEALTH, INC., JAMES MORGAN,
in his individual and supervisory capacity, and
ANTHONY STEPHENS, in his individual capacity,**

   **Defendants.**

_____/

**CASE NO. 14-CA-002932
FLA BAR NO. 0739685**

### AMENDED COMPLAINT

  Plaintiff, ANDRE WILLIAMS, hereby sues Defendants, LARRY CAMPBELL, in his

official capacity as SHERIFF of LEON COUNTY, FLORIDA, CORIZON HEALTH, INC.,

JAMES MORGAN, in his individual and supervisory capacity, ANTHONY STEPHENS, in his

individual capacity, and alleges:

### JURISDICTION

  1.  This is an action for damages in excess of Fifteen Thousand Dollars ($15,000)

brought under the common law of the State of Florida and 42 U.S.C. §§1983 and 1988.

  2.  Written notices of intent to initiate litigation on Plaintiff's state law claims

asserted herein were submitted to Defendant SHERIFF and to the Florida Department of

Financial Services, Division of Risk Management.

## PARTIES

3.     At all times pertinent hereto, Plaintiff, ANDRE WILLIAMS, has been a resident of Leon County, Florida. The incidents alleged herein occurred in Leon County, and Plaintiff is *sui juris.*

4.     At all times pertinent hereto, Defendant, LARRY CAMPBELL, in his official capacity as SHERIFF of LEON COUNTY, FLORIDA, (hereinafter "SHERIFF") was the top law enforcement officer of Leon County, Florida, and has committed tortious acts within Florida and within the jurisdiction of this court.  This Defendant is located in Tallahassee, Leon County, Florida.

5.     At all times pertinent hereto, Defendant, CORIZON HEALTH, INC. (hereinafter "CORIZON"), has been conducting business in the State of Florida and has committed tortious acts within Florida and within the jurisdiction of this court. This Defendant is under contract with Defendant Sheriff to provide medical services in Defendant Sheriff's jail and at all times pertinent hereto, was responsible, together with Defendant Sheriff, for the evaluation, care and treatment of inmates in the Leon County Jail. Plaintiff was one such inmate. Defendant was formerly known as PRISON HEALTH SERVICES, INC.

6.     At all times pertinent hereto, Defendant, JAMES MORGAN, in his individual and supervisory capacity, was a resident of the State of Florida and was employed by Defendant SHERIFF in Leon County, Florida.  He is thus *sui juris.*

7.     At all times pertinent hereto, ANTHONY STEPHENS, in his individual capacity, was a resident of the State of Florida and was employed by Defendant SHERIFF and/or Defendant CORIZON in Leon County, Florida.  He/she is thus *sui juris.*

2

## STATEMENT OF THE ULTIMATE FACTS

8.     The injuries sustained by Plaintiff began on January 11, 2011, and have continued thereafter.  On that date, Plaintiff was arrested by a Leon County Sheriff's Office Deputy Michael Feldman at approximately 10:45 PM.

9.     Prior to Plaintiff being taken to the jail, Plaintiff's mother and/or Plaintiff advised Feldman that Mr. Williams had a seizure disorder.

10.     At some point in time, Plaintiff and/or Plaintiff's mother told Feldman that Plaintiff should be placed on the bottom bunk, and Feldman was provided with Plaintiff's medication.

11.     On January 12, 2011, at approximately 1:50 AM, Plaintiff was checked in by the Jail's Medical Assistant Stephanie Daniels. Daniels noted Plaintiff's seizure disorder and the seizure medication he was taking, signed a release form stating that Plaintiff should be placed into general population, and issued Plaintiff a Relocation/Med Pass for the bottom bunk.

12.     Nevertheless, on January 12, 2011, at approximately 6:00 AM, Defendants MORGAN and STEPHENS signed off on an order to place Plaintiff in administrative confinement the result of which Plaintiff was placed on the top bunk.

13.     Plaintiff objected to being placed on the top bunk and said that he had a seizure disorder and could fall. Plaintiff's objections were ignored.

14.     On January 13, 2011, at approximately 5:10 am, Plaintiff suffered a seizure and fell from the top bunk, striking his head on the bottom bunk.

15.     As a result of the fall, Plaintiff sustained severe injuries, including a brain hemorrhage. Also, since this incident, Plaintiff's mental health has deteriorated in that he has begun experiencing hallucinations. Moreover, because of the fall, Plaintiff also lost several front

teeth. Defendant SHERIFF has never arranged to replace Plaintiff's front teeth, and, to date,

Plaintiff suffers from the health impairment and social stigma of missing his front teeth.

16.     Plaintiff has retained the undersigned to represent his interests in this matter, and

is obligated to pay a fee for such services.  Defendants should be made to pay said fee.

### COUNT I – Civil Rights Violations Under 42 U.S.C. §1983
### Deliberate Indifference to Serious
### Medical Needs Claim
### (Against SHERIFF and CORIZON)

17.     Paragraphs 1 through 16 are hereby re-alleged and incorporated herein by

reference.

18.     At all times material, Defendants Sheriff and Corizon, jointly and severally, had a

duty under the Constitution of the United States of America to provide adequate medical care to

those inmates, including Plaintiff, in the custody of Leon County Jail.

19.     At all times material, Defendants, jointly and severally, had a duty under the

Fourteenth and Eighth Amendments not to be deliberately indifferent to the known serious

medical needs of inmates in the custody of the Leon County Jail.

20.     While incarcerated at Leon County Jail, Plaintiff suffered from a serious medical

need to wit, the need to be placed on the top bunk to prevent falling and/or the need for seizure

medication as described, in part, more fully above, which, if not properly and timely attended to,

would and did leave Plaintiff with serious injuries caused by falling from having a seizure, as

described, in part, more fully above.

21.     Defendants were deliberately indifferent to Plaintiff's medical needs. The

Defendants were aware of Plaintiff's medical needs, as evidenced by their notations in his jail

medical records. Defendants, through their employees, officers, or agents, were aware of

Plaintiff's medical needs and that Plaintiff was at a risk of serious harm and continued pain if she

4

did not receive necessary care.

22.     Plaintiff's medical diagnosis and condition or conditions was known or knowable to Defendants at all times material. Despite their knowledge of the serious risk to Plaintiff's health, Defendants, intentionally or through deliberate indifference, failed or refused to provide Plaintiff with access to medical care requested by Plaintiff.  Had Defendants ensured that Plaintiff was properly treated in a timely manner, Plaintiff's injuries could have been avoided.

23.     As stated more specifically, in part, above, Defendants acted with deliberate indifference as to Plaintiff's serious medical condition when they placed Plaintiff on the top bunk and/or withheld much needed medical care, as described in part more fully above despite knowing that Plaintiff had a condition requiring such care, and Plaintiff had sustained significant trauma as a result as described in part more fully above.

24.     Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law.  The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

25.     The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff's rights.  The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when they knew of and disregarded severe risks to Plaintiff's health and safety.

26.     Defendants acted with deliberate indifference in the failure to adopt a policy and/or adopting an inadequate policy for incidents like that described herein when it was obvious that the likely consequences of not adopting a policy would result in the deprivation of civil rights.  Defendants also deliberately or with reckless disregard for the safety of Plaintiff failed to

provide Plaintiff with adequate medical care for his serious medical needs. These policies or lack thereof were the moving force behind the constitutional deprivations to Plaintiff.

27.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

<div align="center">

**COUNT II – Civil Rights Violations Under 42 U.S.C. §1983**
**Individual Capacity Deliberate Indifference to Serious**
**Medical Needs Claim**
**(Against the Individual Defendants)**

</div>

28.     Paragraphs 1 through 16 are hereby re-alleged and incorporated herein by reference.

29.     At all times material, Defendants, jointly and severally, had a duty under the Constitution of the United States of America to provide adequate medical care to those inmates, including Plaintiff, in the custody of the Leon County Jail.

30.     At all times material, Defendants had a duty under the Fourteenth and Eighth Amendments to the United States Constitution, not to be deliberately indifferent to the known serious medical needs of inmates in the custody of Leon County Jail.

31.     While incarcerated at Leon County Jail, Plaintiff suffered from a serious medical need to wit, the need to be placed on the bottom bunk to avoid injuries that could be caused by falling and the need for seizure medication, as described, in part, more fully above, which, if not attended to, would and did leave Plaintiff with the injuries that resulted from his fall, as described, in part, more fully above.

32.     The individually named Defendants were deliberately indifferent, jointly and

severally, to Plaintiff's medical needs. The Defendants were aware of Plaintiff's medical needs, as evidenced by the notations in the Plaintiff's medical records. Defendants were aware that Plaintiff was at a risk of serious harm and he was placed on the top bunk.

33.     Plaintiff's medical diagnosis and condition or conditions was known or knowable to Defendants all times material. Despite their actual or imputed knowledge of the serious risk to Plaintiff's health, each of the individual defendants intentionally or through deliberate indifference, failed or refused to let Plaintiff sleep on the bottom bunk.  Had the individually named Defendants, ensured that Plaintiff was properly allowed to sleep on the bottom bunk, Plaintiff's injury could have been prevented.

34.     As stated more specifically, in part, above, Defendants acted with deliberate indifference as to Plaintiff's serious medical condition when they placed Plaintiff on the top bunk and/or withheld much needed medical care despite knowing that Plaintiff had a condition requiring such care, and Plaintiff had sustained significant trauma as a result.

35.     Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law.  The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

36.     The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff's rights.  The actions or inactions of these Defendants as set forth in part above constituted deliberate indifference or reckless disregard for the safety of Plaintiff when they knew of and disregarded severe risks to Plaintiff's health and safety.

37.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for

the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Plaintiff is entitled to punitive damages against the individually named Defendants.

## COUNT III-NEGLIGENCE
### (Against SHERIFF and CORIZON)

38.    Plaintiff re-alleges paragraphs 1 through 16 above and incorporates those allegations in this Count.

39.    This count sets forth a claim against Defendants for common law negligence and is based on claims that arose during Plaintiff's detention and resulting injuries. Defendants knew or should have known that Plaintiff was with a zone of risk related to medical condition and were responsible for the proper treatment of his condition.

40.    Upon Plaintiff's incarceration, legal duties devolved upon Defendants because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof, as well as by their failures to train and supervise employees.

41.    These duties arose from the fact that Plaintiff was detained by Defendant SHERIFF and taken into custody. These duties arose because of the special relationships that arose between Defendants and Plaintiff, and/or because the injuries to Plaintiff were within foreseeable zones of risk created when Plaintiff was detained by employees and/or agents of Defendant. Once Plaintiff was restrained of his liberty, he was in the foreseeable zones of risk, and such duties of care arose. Alternatively, because of the nature of the restraint and the subsequent custodial relationship between Defendants and Plaintiff there was a special relationship with Plaintiff.

8

42.     The actions of Defendants and a complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

43.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, all because of the actions of Defendant and is therefore entitled to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

(a)     that process issue and this court take jurisdiction over this case;

(b)     that this court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     that this court enter judgment against Defendants and for Plaintiff awarding compensatory damages from Defendants and punitive damages to Plaintiff as allowed by law;

(d)     that this court enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e)     that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff costs, attorney's fees, and interest as provided by law; and

(f)     that this court grant such other and further relief as is just and

proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 12th day of November, 2014.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone:     (850) 383-4800
Facsimile:      (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle@mattoxlaw.com
joshua@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

</div>

**ITEM 5**

Filing # 20505691 Electronically Filed 11/12/2014 09:34:52 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

ANDRE WILLIAMS,

   Plaintiff,

CASE NO.: 14-CA-2932

v

# Summons

LARRY CAMPBELL, in his official capacity
as SHERIFF of LEON COUNTY, FLORIDA,
CORIZON HEALTH, INC., JAMES MORGAN,
in his individual and supervisory capacity, and
ANTHONY STEPHENS, in his individual capacity,

   Defendants.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

   **LARRY CAMPBELL, in his official capacity as**
    **SHERIFF, LEON COUNTY, FLORIDA**
   **Leon County Sheriff's Office**
   **2825 Municipal Way**
   **Tallahassee, FL 32304**

   Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road,
Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so,
a default will be entered against that defendant for the relief demanded in the complaint or
petition.

   DATED on _____11/14/2014_____, 2014.



     CLERK OF THE CIRCUIT COURT

     By:_____

Filing # 20505691 Electronically Filed 11/12/2014 09:34:52 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ANDRE WILLIAMS,**

       **Plaintiff,**

**v**

**LARRY CAMPBELL, in his official capacity
as SHERIFF of LEON COUNTY, FLORIDA,
CORIZON HEALTH, INC., JAMES MORGAN,
in his individual and supervisory capacity, and
ANTHONY STEPHENS, in his individual capacity,**

       **Defendants.**

_____/

**CASE NO.: 14-CA-2932**

# Summons

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

       **DIVISION OF RISK MANAGEMENT
Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399**

       Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **310 East Bradford Road,
Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so,
a default will be entered against that defendant for the relief demanded in the complaint or
petition.

       DATED on _____11/14/2014_____, 2014.



CLERK OF THE CIRCUIT COURT

By:_____

Filing # 20505691 Electronically Filed 11/12/2014 09:34:52 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ANDRE WILLIAMS,**                    CASE NO.: 14-CA-2932

      **Plaintiff,**

v                                      # Summons

**LARRY CAMPBELL, in his official capacity
as SHERIFF of LEON COUNTY, FLORIDA,
CORIZON HEALTH, INC., JAMES MORGAN,
in his individual and supervisory capacity, and
ANTHONY STEPHENS, in his individual capacity,**

      **Defendants.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

     **CORIZON HEALTH, INC.
c/o CT Corporation System, Registered Agent
1200 S. Pine Island Road
Plantation, FL 33324**

     Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road,
Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so,
a default will be entered against that defendant for the relief demanded in the complaint or
petition.

     DATED on ____11/14/2014____, 2014.

                        CLERK OF THE CIRCUIT COURT



                        By:_____

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ANDRE WILLIAMS,**

      **Plaintiff,**

                                         CASE NO. 14-CA-2932

**vs.**

**LARRY CAMPBELL, in his official capacity as
SHERIFF of LEON COUNTY, FLORIDA, CORIZON
HEALTH, INC., JAMES MORGAN, in his individual
and supervisory capacity, and ANTHONY
STEPHENS, in his individual capacity,**

      **Defendants.**

# Summons

PERSONAL SERVICE ON A NATURAL PERSON

TO:    James Morgan, in his individual and supervisory capacity
        c/o Leon County Sheriff's Office
        2825 Municipal Way
        Tallahassee, FL 32304

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, whose address is

you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

CCC-206
**Page 1**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:
You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named defendant(s).

Dated on _____ 11/14/2014 _____, 2014.

CLERK OF THE CIRCUIT COURT

By:_____
    Deputy Clerk.

CCC-206
**Page 2**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por las parte interesada. Si usted no contesta la demanda a tiempo, pudiese perder el caso y pordria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

<div align="center">IMPORTANT</div>

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, aec mention due numero de dossier ci-dessus et du nom des parties nommeesici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre, salarie, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocat,s ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou experdier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

Plaintiff's Attorney:

MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303

**Page 3**

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ANDRE WILLIAMS,**

     **Plaintiff,**

                                    **CASE NO. 14-CA-2932**

**vs.**

**LARRY CAMPBELL, in his official capacity as
SHERIFF of LEON COUNTY, FLORIDA, CORIZON
HEALTH, INC., JAMES MORGAN, in his individual
and supervisory capacity, and ANTHONY
STEPHENS, in his individual capacity,**

     **Defendants.**

# Summons

## PERSONAL SERVICE ON A NATURAL PERSON

TO:    Anthony Stephens, in his individual capacity
       c/o Leon County Sheriff's Office
       2825 Municipal Way
       Tallahassee, FL 32304

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, whose address is

you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

CCC-206
**Page 1**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:
You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named defendant(s).

Dated on _____11/14/2014_____, 2014.

CLERK OF THE CIRCUIT COURT

By:_____
Deputy Clerk.

CCC-206
**Page 2**

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por de las parte interesada.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y pordria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, aec mention due numero de dossier ci-dessus et du nom des parties nommeesici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre, salarie, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocat,s ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou experdier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

Plaintiff's Attorney:

MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303

**ITEM 6**

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

ANDRE WILLIAMS,

     Plaintiff,

v.

                           CASE NO.: 14-CA-2932

LARRY CAMPBELL, in his official
capacity as SHERIFF of LEON COUNTY,
FLORIDA, CORIZON HEALTH, INC.,
JAMES MORGAN, in his individual and
supervisory capcity, A. [fnu] STEPHEN, in
his or her individual capacity, and JOHN
DOE, in his or her individual capacity,

     Defendants.

_____/

## NOTICE OF REMOVAL

    **COMES NOW** Defendants, LARRY CAMPBELL, JAMES MORGAN, CORIZON

HEALTH, INC. and A. STEPHEN, by and through undersigned counsel, and hereby notify this

Court that this cause has been removed to the United States District Court for the Northern District

of Florida, Tallahassee Division, and respectfully incorporate the attached Notice of Removal filed

on this date in that Court.  The Court is notified that it shall proceed no further unless and until the

case is remanded pursuant to Title 42 U.S.C. § 1446(d).

Respectfully submitted this ⎽⎽⎽ day of December 2014.

/s/ Keith C. Tischler
**KEITH C. TISCHLER**
Fla. Bar No. 0334081
*JOLLY & PETERSON, P.A.*
Post Office Box 37400
Tallahassee, Florida 32315
Tel:    (850) 422-0282
Fax:    (850) 422-1913
**Attorney for Defendant Sheriff & Morgan**

/s/: Joseph E. Brooks
**JOSEPH E. BROOKS**
FBN.: 0880752
*BROOKS LAW*
2629 Mitcham Drive
Tallahassee, FL 32308
Telephone:  (850) 201-0942
Facsimile: (850) 201-0909
**Attorney for Defendants Corizon & Stephen**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to by Electronic Mail to Marie Mattox, 310 East Bradford Road, Tallahassee, Florida 32303 this ⎽⎽⎽ day of ~~March~~ DECEMBER 2014.

/s/ Keith C. Tischler
**KEITH C. TISCHLER**